UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PASCUALA MATA,<br><br>   Plaintiff,<br><br>v.<br><br>CHIPOTLE SERVICES, LLC,<br><br>   Defendant. | Case No. 5:16-cv-00168-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE NO. 1**<br><br>Re: Dkt. Nos. 34, 42 |

In this wage and hour/wrongful termination case, plaintiff Pascuala Mata ("Mata") seeks an order requiring defendant Chipotle Services LLC ("Chipotle") to produce a genuinely knowledgeable person for a Fed. R. Civ. P. 30(b)(6) deposition. Two lesser, unrelated issues concern the adequacy of defendant's responses to Requests for Production of Documents ("RFPs") and a supplemental answer to an Interrogatory.

These discovery disputes have existed for many months. In fact, the 30(b)(6) problem arose over a year ago. It is unfortunate that plaintiff did not seek court intervention sooner because this court is told that discovery closes in less than two months. It is even more unfortunate that defendant seemed to have elevated foot-dragging to an art form, and resisted all of plaintiff's persistent (but ineffectual) attempts to obtain discovery she badly wanted.

When plaintiff finally opted to invoke the court's Standing Order on Discovery Disputes

("Standing Order"), defense counsel, citing press of other matters, did not join in the submission of a joint discovery report as the Standing Order required. Instead, weeks later, Chipotle filed an unauthorized "Response" to plaintiff's submission.

Concerned about the impending close of discovery, the court quickly set a hearing on short notice for April 6th and ordered lead counsel for both parties to appear in person. Neither counsel could appear on the date the court chose. Lead defense counsel asked that the hearing be continued until a date "after April 19." (Dkt. 36 at 4). Acquiescing in that request, the court reset the hearing for April 20. Then, shortly before April 20, the court was advised that an unforeseen difficulty with travel arrangements meant that lead defense counsel could not appear in person for the hearing after all, but could appear by telephone. The court had very much wanted both lead counsel to appear in person, but, unwilling to again continue the hearing any further, it reluctantly agreed that lead defense counsel could appear by telephone and ordered him to appear at the hearing via Courtcall. (Dkt. 44). However, at the time of the hearing, lead defense counsel did not appear via Courtcall or otherwise. As of this writing, no one has offered the court an explanation for his "no show."[1] The hearing proceeded with defendant being represented by the in-person appearance of an associate of lead counsel.

Even before the 30(b)(6) deposition began, the seeds of discord were sown. Jason Jabali, who managed a cluster of local Chipotle locations, was chosen as the witness to speak on behalf of defendant. Many of the topics plaintiff had enumerated for the deposition dealt with defendant's "policies" on wage and hour matters.

The court read Jabali's deposition before the hearing. Most of the nearly two-hour hearing was spent going through the deposition, almost page by page. The court concluded that Jabali's knowledge of corporate policies was woefully weak and in at least one instance completely non-existent. Other topics that plaintiff wanted to explore had been objected to by defendant in advance of the deposition, and it was understood that a further deposition, presumably with a properly qualified different witness, would have to be scheduled later. At the conclusion of the

---

[1] In a separate order, the court has initiated an inquiry into this failure.

Jabali deposition defense counsel said on the record: "[A]s to the other 30(b)(6) topics, I mean, you can go ahead and send a deposition notice, this time hopefully with the topics designated, and we can go from there." (Jabali Depo. at 67:9-12).

Jabali's 30(b)(6) deposition occurred on February 21, 2017, over a year ago. Throughout that year plaintiff made multiple efforts to conduct another 30(b)(6) deposition, even including sending out deposition notices. All to no avail. The most frequent objection from defendant was that Mata's list of desired deposition topics was either the same as, or just about the equivalent of, the list of topics that plaintiff had covered in the Jabali deposition. Yes, the court acknowledges there may have been some redundancy because of inartful description of the topics by plaintiff, but even the defendant agreed that it had taken some topics off the table for the Jabali deposition, so how does it justify not producing another witness? At the hearing, the court interpreted defendant's position to be, not that all appropriate deposition topics had already been fully explored, but rather that plaintiff should not have another crack at a 30(b)(6) witness until she came up with more descriptive topics. The court will provide the topics.

The discovery disputes over the RFPs and the one Interrogatory required only a few minutes of discussion to arrive at what seemed to be a mutually satisfactory result. The court at the conclusion of the hearing indicated its intended rulings, and it does so now in writing.

1. By May 11, 2018 (unless the parties stipulate to a later date), Chipotle shall produce at a venue chosen by plaintiff a qualified, authorized 30(b)(6) witness (or, witnesses, if needed) to be examined on the following topics as well as to produce all responsive documents pertaining to each topic if not already produced:

   a. Defendant's meal break policy (California), including how management is trained on it and how employees are advised of it;

   b. Whether Mata ever received a bonus and, if so, whether the bonus was factored into a calculation of overtime pay (if any) for the pay period in which she received a bonus;

   c. Defendant's overtime policy (California);

   d. Defendant's document retention policy, as well as when and whether a litigation hold was put on document destruction in this case;

  e. Defendant's policy for implementing compliance with California Labor Code § 230.8, including management training and how employees were advised of it;

  f. How defendant's employee "telephone hotline" worked, particularly including procedure and process, i.e.: the prescribed manner of looking into hotline calls from employees, whether the employee receives a response to a call, what documentation/information is generated, documentation/information retention, and the like;

  g. How defendant handled Mata's hotline call about her termination;

  h. Over and above defendant's handling of Mata's hotline call about her termination, describe any investigation defendant did into the circumstances of her termination, but excluding information protected by the attorney-client privilege or work product doctrine (such information, if any, and if created before suit was filed, shall be identified in a proper privilege log);

  i. Defendant's break policy (California), including management training and employee notification.

 2. With respect to documents/information previously produced as well as documents/information yet to be produced, defendant shall submit a formal verification that all responsive documents, except those protected by attorney-client privilege or work product doctrine, have been produced.  If it has not already done so, it shall also verify all Interrogatory answers.

 3. With respect to defendant's claimed problematic responses to certain of plaintiff's RFPs, by May 11, 2018:

  a. RFP 36:  Response needs a verification;

  b. RFP 37:  Defendant will update the list previously provided;

  c. RFP 38:  Defendant to produce as to the Morgan Hill store only;

  d. RFP 39:  Response needs a verification;

  e. RFP 40:  Defendant shall produce the responsive documentation for the period of Mata's employment;

  f. RFP 41:  Defendant shall produce the responsive documentation (privacy objection overruled);

   g.  RFP 42: Response needs verification.

  4.  With respect to Interrogatory 22: Defendant shall update the list previously provided and verify both lists by May 11, 2018.

  SO ORDERED.

Dated: April 27, 2018

_____
HOWARD R. LLOYD
United States Magistrate Judge